UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : CRIMINAL NO. 1:17-CR-177

VS. : (JUDGE RAMBO)

DANE ROBERT POLLOCK :

## SENTENCING VARIANCE MEMORANDUM

On May 31, 2017, a three count Indictment charged the Defendant, Dane Robert Pollock, with Production of Child Pornography, in violation 18 U.S.C. §2251(a); Distribution and Receipt of Child Pornography, in violation of 18 U.S.C. §2252(a)(2); and Possession of Child Pornography, in violation of 18 U.S.C. §2252(A)(a)(5)(B). On October 12, 2017, the Defendant entered a plea of guilty to count two, Distribution and Receipt of Child Pornography. At the guilty plea, undersigned counsel emphasized to the Court that the Defendant was accepting responsibility only regarding "Victim 1" (B.M.), and no other individuals. A Presentence Investigation Report was conducted by the United States Probation Department. The Presentence Report concludes that the appropriate guideline imprisonment term in this case is 168 to 210 months. Undersigned counsel stands by the objections to the guideline calculation as outlined in correspondence dated April 2, 2018, to Lori

Baker-Dowd, United States Probation Officer. Counsel believes and therefore avers that the appropriate sentencing guideline range is in fact 41 to 51 months of incarceration; however, a 5 year mandatory minimum applies in this case. Should this Court find that Ms. Baker-Dowd's guideline calculation, i.e., utilization of the cross-reference at U.S.S.G. §2G2.2(c)(1), is appropriate, counsel contends that the addition of 2 points at paragraph 32 is in error. Again, as outlined in correspondence dated April 2, 2018, addressed to Probation Officer Baker-Dowd, counsel argues that the Defendant was the boys' basketball coach at McConnellsburg High School. He did not coach or teach B.M. nor did he have any control or authority over her as a student athlete. Defendant was the part-time athletic director but was employed full-time outside of the school district. The removal of these 2 points lowers the sentencing guideline calculation to 135 to 168 months. Again, counsel is not in agreement with the application of the aforementioned cross-reference; but if this Court finds that the cross-reference is appropriate, the 2 point enhancement at paragraph 32 should be deducted.

    The Defendant is respectfully requesting that this Court vary downward its' sentence to the mandatory minimum of 5 years of

incarceration based upon the following 18 U.S.C. 3553(A) sentencing factors:

### 1. ATYPICAL FACTUAL BASIS FOR RECEIPT AND DISTRIBUTION OF CHILD PORNOGRAPHY

Defendant admits that he and B.M. were involved in a sexual relationship. However, the short video clips at issue were recorded on a cellphone only days before B.M.'s eighteenth birthday. Had these occurred only days later, the Government would have been unable to seek an Indictment related to sexual conduct with B.M. in this case. Moreover, B.M. and the Defendant were clearly involved in a loving relationship and both intended to continue the relationship after B.M. graduated. As evidence, attached as Exhibit "A", is a letter written from B.M. to the Defendant dated February 2, 2017, while the Defendant was serving a 3 month prison sentence in Fulton County for Corruption of Minors related to the instant case. Again, it is clear from the correspondence that B.M. had feelings for the Defendant and that she planned to stay romantically involved with him upon her graduation from high school. In addition, B.M.'s family was fully in support of the relationship and did not want Defendant prosecuted. Exhibit "B" is a transcript from the Defendant's guilty plea proceeding to one count of felony of the third degree Corruption of Minors in Fulton County at

criminal docket CP-29-CR-204-2016 on January 17, 2017. At page 8, Fulton County District Attorney Travis Kendall stated to Judge Jeremiah D. Zook, "I will point out that I believe this resolution is quite a bit more harsh than the victim or her family desire". At that point, Mr. Kendall proposed a plea agreement that the Defendant would serve three months of county incarceration. Again, according to Mr. Kendall, B.M. and her family thought this was too harsh. Moreover, not only was B.M. corresponding with the Defendant at that time but, B.M.'s grandmother, Doretta Mellott, also frequently wrote the Defendant letters during Defendant's initial incarceration in this case. Further, Ms. Mellott helped the Defendant and B.M. search for an apartment in Altoona because the couple planned to live together upon B.M.'s graduation from high school. Attached as Exhibit "C" is a letter from Ms. Mellott dated December 27, 2017 in which she writes, "I saw two individuals in a loving, caring relationship. They were happy with each other – the way two people deserve to be happy. Please take this into consideration." Finally, according to the discovery materials provided by the Government in this case, B.M. initially provided to the Fulton County District Attorney's Office with a victim statement that said she wasn't victimized and that she didn't want to press any charges. It was only after

the FBI suggested there were other "victims", a point that the Defendant adamantly denies, B.M. wanted to retract her initial statement regarding her victimization and provide a new one that indicates that she was, in fact, victimized. Counsel is emphasizing these initial points for the sole purpose of putting the conduct in this case related to B.M. in context. Clearly, the facts supporting the guilty plea to Receipt and Distribution of Child Pornography in this case are atypical.

### 2. THE SENTENCING GUIDELINES OVERSTATE THE SERIOUSNESS OF THE CRIME

Again, the defendant through counsel objects to the United States Probation Department's guideline calculation. If this Court finds that the guideline calculation is appropriate, these guidelines severely overstate the seriousness of the crime. As outlined above, the videos at issue in this case were taken only days before B.M. turned eighteen years of age. Equally important, B.M. was clearly aware that the Defendant captured various sexual activity on video via cell phone. The Defendant did not distribute and/or maliciously use the videos in any way. In fact, he attempted to delete them from his cell phone. Defendant contends that the videos were brief and two were recorded in the same evening. There is no evidence that the Defendant intended to distribute or share these videos in

anyway, or to utilize them in any nefarious manner. In addition, had the Defendant been charged with the state charge equivalent to Receipt and Distribution of Child Pornography (Sexual Abuse of a Child, 18 §6312(b)(2)), the standard range sentence would likely have been 22 to 36 months of incarceration. A 14 to 17.5 year federal sentencing range compared to a 2 to 3 year state sentencing range is clearly excessive and unfair based upon the facts and circumstances in this case.

### 3. DEFENDANT'S POSITIVE AND EXTRAORDINARY PRISON ADJUSTMENT

On or about May 23, 2017, the Defendant was detained for a county parole violation and was immediately federally indicted. Defendant was federally detained after his initial appearance in Federal Court on June 1, 2017. Since that time, Defendant has taken every opportunity to learn from his past decisions and make himself a better person. Counsel submits that Defendant's adjustment to prison has been positive and extraordinary. Attached collectively as Exhibit "D", this Court will see correspondence from the Dauphin County Prison which outlines the programs participated in and completed by the Defendant from June 1, 2017 through January 31, 2018. These include: Addictive Compulsive Behaviors Groups, Violence Intervention and Support Skills, and the

Second Chance Drug and Alcohol Program. Further, while detained in this case (and in the aforementioned Fulton County case), at the Bedford County Prison, Franklin County Prison, and Adams County Correctional Facility, the Defendant has participated in and successfully completed the RU Inside Jail and Prison Program and Gospel Echoes Team Bible Studies. He has received certificates of achievement for personal development, Mental Health Processing Group, Bridges to Life, Thinking for a Change, Life Skills, Batterers Intervention and Victim Awareness. Defendant's records of attendance at these various programs are also attached. Defendant has taken advantage of literally every possible program to become a better person.

4. **CHARACTER**

The Defendant was born and raised in McConnellsburg, Pennsylvania. According to the Defendant's father, Dennis Pollock, the full-time population of McConnelllsburg is approximately 1,200 people. Assuming approximately half of the full-time residents are adults, 600 adults reside in this small town. Attached as Exhibit "E" are approximately 106 letters in support of the Defendant's character. This simply emphasizes that a large number of people in this community still support

the Defendant. The character witnesses include individuals who are male and female, young and old; former players coached by the Defendant; former opponents and coaches; church members and business people. One former player by correspondence dated April 25, 2018 writes, "Dane taught me how to become a leader and with becoming a leader it added many responsibilities that my teammates and friends would look up to me. These things he taught has changed me as a person. I have gained more knowledge and it bettered me for my future. Even though he might have done ... wrong. I still will be his friend and continue to trust him. We are humans, we make mistakes, so don't let this mistake ruin his whole life." Another player writes by correspondence dated November 25, 2016, "Dane is a role model that many people, including myself, looked up to and will continue to look up to. I hope to offer help to others as much as he has. I hope to share knowledge with others as much as he has ... a lot of people thought of him just as a coach of basketball. I think of him more as a coach of life. No one has taught me about succeeding in life more than this man did. I am asking you to please consider how Dane's good character makes a positive impact on society." Counsel submits that the show of support for

Defendant in his community, as evidence by the unusually large number of character letters, is a significant 3553(A) factor.

WHEREFORE, based upon the foregoing, the Defendant respectfully requests that this Honorable Court vary his sentence downward to the mandatory minimum term of incarceration which applies, 5 years.

Respectfully submitted,

**PERRY SHORE WEISENBERGER & ZEMLOCK**

By: /s/Brian W. Perry
Brian W. Perry, Esquire
I.D. No. 75647
2411 North Front Street
Harrisburg, PA  17110
(717) 232-9900

Date: December 12, 2018

## CERTIFICATE OF SERVICE

AND NOW, this 12th day of December, 2018, I hereby certify that I have served the foregoing SENTENCING VARIANCE MEMORANDUM on the following via electronic filing:

Meredith Taylor, Esquire, Assistant United States Attorney
U.S. Attorney's Office - Criminal Division
228 Walnut Street
Suite 220
Harrisburg, PA 17108-1754

/s/Brian W. Perry
Brian W. Perry, Esquire